UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **CARLOS ALBERTO AVILA,** § | |
| § | |
| Petitioner, § | |
| § | **CRIMINAL ACTION NO. V-01-21** |
| v. § | |
| § | **CIVIL ACTION NO. V-05-18** |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Petitioner Carlos Alberto Avila's ("Avila") Motion to Vacate, Set Aside, or Correct a Sentence of a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Dkt. No. 42). For the reasons set forth herein, Avila's § 2255 motion is denied.

**Factual and Procedural History**

On June 28, 2001, a superceding indictment was filed against Avila charging him with possession with intent to distribute quantities of marihuana and cocaine. Dkt. No. 4. In return for a plea of guilty to one count of the charge, the Government agreed to move to dismiss the count charging Avila with marihuana possession. Dkt. No. 22. Avila plead guilty to possession with intent to distribute 7.92 kilograms of cocaine and the Court accepted Avila's guilty plea on October 22, 2001. The Court sentenced him on May 6, 2002, and issued judgment on May 14, 2002. Dkts. No. 34 & 40. Avila's sentence was enhanced based on the Court's finding that Avila possessed a dangerous weapon during the commission of the offense. Dkts. No. 25 & 34. Avila failed to file an appeal and his conviction became final on May 24, 2002. *See* FED. R. APP. P. 4(b)(1)(A)(i) (if no appeal is taken, a conviction is final ten days following the entry of the judgment of conviction); Dkt. No. 40. Avila filed the pending motion on February 11, 2005, the date on his certificate of

service. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); Dkt. No. 42.

## Limitations

A motion filed under Section 2255 must be filed within one year of the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Nothing in Avila's motion supports extending the starting point beyond the date the judgment became final.

## Discussion

Notwithstanding the time bar, Avila's argument fails on the merits. Avila primarily contends that the sentence imposed by the Court is unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* held that, in the context of mandatory state sentencing guidelines, the Sixth Amendment right to a jury trial prohibits judges from enhancing criminal sentences based on facts other than those decided by the jury or admitted by the defendant. *Id.* at 313-14 (relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). The year following *Blakely*, in *United States v. Booker*, a majority of the Supreme Court extended to the federal sentencing guidelines the rule that pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is

necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005).[1]  Avila argues that his sentence must be reduced because *Booker* made unconstitutional this Court's use of Avila's weapons possession to enhance his sentence because Avila's weapons possession was not a fact found by a jury nor was it one admitted by the defendant.

Indeed, if the Supreme Court decides a case recognizing a new legal right, a federal prisoner seeking to assert that right will have one year from the decision within which to file his motion to vacate.[2]  *Dodd v. United States*, 545 U.S. 353, 360 (2005).  The federal prisoner may take advantage of that date *only if* the right is newly recognized and made retroactively applicable to cases on collateral review.  *Id.* at 358.  The Fifth Circuit has ruled that the *Booker* line of cases is not retroactive on collateral review for purposes of post-conviction relief under § 2255. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) ("*Booker* does not apply retroactively to initial § 2255 motions. . . we hold that *Booker* does not apply retroactively").  That is, prisoners challenging judgments that became final before January 12, 2005, may not claim relief pursuant to *Booker*. Because Avila's conviction became final on May 24, 2002, the rule announced in *Booker* does not apply.  Accordingly, Avila's claim is not cognizable on collateral review by this § 2255 motion. Avila's argument that his sentence should have been reduced based on *Blakely* and/or *Booker* is

---

[1] A different majority of the Court then excised certain statutory provisions that made the federal guidelines mandatory, thereby rendering the guidelines advisory only. *Booker*, 543 U.S. at 222.

[2] *Blakely* was decided on June 24, 2004, *Booker* was decided on January 12, 2005, and Avila filed this § 2255 motion on February 11, 2005—within a year of both *Blakely* and *Booker*. *Blakely*, 542 U.S. 296; *Booker*, 543 U.S. 220; Dkt. No. 42.

without merit.[3]

Other than his references to *Blakely* and *Booker*, Avila offers no explanation for the late filing of his motion under 28 U.S.C. § 2255. Therefore, his motion is untimely under the language of § 2255(1). Since Avila's motion was filed more than one year after his conviction became final, it is barred by the statute of limitations and he is not entitled to relief.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Avila has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must

---

[3] Avila also arguers that "in theory" his counsel was ineffective because he failed to object on *Blakely* and/or *Booker* grounds. Dkt. No. 42 at p.6 According to the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. 466 U.S. at 687. As this Court has previously stated, a defendant's attorney cannot be said to be deficient for failing to predict the *Blakely* or *Booker* decisions and raise arguments based thereon. *See Arredondo v. United States*, 2006 WL 2414346 at *3 (S.D.Tex. 2006) (citing *Campbell v. United States*, 108 Fd. Appx. 1, *3 (1st Cir. 2004), for the proposition that failure to anticipate *Blakely* or *Booker* would not constitute unreasonable performance under *Strickland*, particularly in light of well-established law in circuit that was—at the time—to the contrary).

4

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Avila's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, Avila is not entitled to a COA as to any of his claims.

## Conclusion

For the foregoing reasons, Avila's 28 U.S.C. § 2255 Motion is DENIED.  The Court also DENIES Avila a Certificate of Appealability.

It is so ORDERED.

Signed this 21st day of November, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE